IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADDISON RIVERA, on behalf of
RUDY RIVERA, deceased,

        Plaintiffs,

v.                                                         CIV 10-0863 KBM

MICHAEL J. ASTRUE,
Commissioner of SOCIAL SECURITY,

        Defendant.

## ORDER GRANTING AMENDMENT TO ORDER

THIS MATTER is before the Court on Defendant's Motion and Memorandum in support of Motion to Alter or Amend Order *(Doc. 25)*, filed July 18, 2011. I have reviewed the parties' submissions and relevant authorities. Because I find the motion is well-taken, no reply brief is required.

The Court's Memorandum Opinion and Order in this matter reversed the decision of the Commissioner to deny benefits after finding that the Administrative Law Judge ("ALJ"), W. Thomas Bundy, erroneously disregarded the opinions of Mr. Rivera's treating psychiatrist, in part, because the psychiatrist was a Doctor of Osteopathy rather than a Medical Doctor. *See Doc. 21*. Defendant urges reconsideration on the grounds that the Court should permit the ALJ to obtain

additional medical evidence, including a supplemental medical opinion from Mr. Rivera's treating psychiatrist, Dr. Pete Taylor.  *See Doc. 25*.  Plaintiff opposes remand because it would serve no useful purpose.  *See Doc. 26*.  Not only is Mr. Rivera deceased and therefore unable to testify on remand, but Plaintiff also points out that there are no additional medical records in this case and, due to the policies of Dr. Taylor's employer, he is no longer able to testify in Social Security matters.  *See id.*

    I agree with Plaintiff that additional discovery may not be available.  Indeed, the unavailability of any additional information—due not only to Mr. Rivera's death but also to his relative lack of medical treatment during his lifetime—is one of the foremost reasons for my initial decision to reverse the Administration's denial of benefits.  However, I conclude that remand rather than outright reversal is appropriate in this instance.

    This Court may not reweigh the evidence or substitute its judgment for that of the agency, even where the Court would have awarded benefits had the matter been before it *de novo*.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  In choosing to reverse the decision, I crossed that line. I failed to take into account that even if I rejected the grounds on which the ALJ discounted the treating psychiatrist's opinions, on remand there may be some legitimate reason for such

discounting. The determination of how much weight should be given to Dr. Taylor opinion in the first instance should be made by the ALJ. My role is "only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

Wherefore,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Alter or Amend Judgment *(Doc. 25)* is **granted**, and this matter will be remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner consider assigning this matter to a different ALJ upon remand to take a fresh look at the matter. *See Sutherland v. Barnhart*, 322 F.Supp.2d 282, 293 (E.D.N.Y. 2004) (requesting the Commissioner to assign a new ALJ where the original ALJ "did not consider the entire record, nor did the ALJ provide good reasons for the weight he gave to the plaintiff's treating physician").

_____
UNITED STATES CHIEF MAGISTRATE JUDGE